MARY E. WORSHAM v. S. P. WORSHAM'S ADM'R.

**Administrator—Credits Allowed.**

An administrator who is a creditor of his decedent should not be allowed a commission for the collection of his own claim.

APPEAL FROM LINCOLN CIRCUIT COURT.

March 13, 1876.

OPINION BY JUDGE LINDSAY:

The appellee was properly allowed the additional credit for the $7,000 note on Thomas. The proof tends to show that said note was worthless, and it is clear that it has not been collected, notwithstanding reasonable diligence upon the part of appellee.

But we are satisfied that the amount allowed him in the way of commission is excessive. His own testimony shows that the difficulties in the winding up of the estate in his hands were slight. One-half the amount received and paid out was collected for him without charge by the bank at Stanford. He was allowed his traveling expenses on the two trips taken to the south. He avoided personal liability for his acts, by obtaining the approval of Mrs. Worsham to each and every settlement involving a controversy, and he turned over to her, without recourse upon him, the two notes on Toler, as so much cash.

He should have been allowed no commissions on the two notes, and should have had no commission on the amount retained to pay himself the debts due him by the testator. Excluding the commission on these amounts, he will receive pay at the rate of over $150 per month for over six months continuous service. It is evident that he

did not devote that length of time to the business of settling the estate, and that the rate suggested is at least reasonable compensation for his services.

Instead of rendering judgment against appellant for $324.52, her petition and the cross-petition of appellants should each have been dismissed, and appellee should have had judgment for his costs. The judgment is *reversed* and the cause remanded for a judgment conformable to this opinion.

*Hill & Alcorn, A. J. James, for appellant.*
*Saufley & Warren, for appellee.*